IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY HENDERSON,

    Petitioner,                    No. CIV S-09-2189 DAD P

    vs.

MICHAEL MARTEL,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's August 14, 2009 order, petitioner has paid the filing fee. Petitioner has also filed a one-page motion for a stay and abeyance.

**BACKGROUND**

        On August 7, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, petitioner challenges his 2006 judgment of conviction entered in the Sacramento County Superior Court. He asserts seven claims for relief. (Pet. at 5 & Attach.)

        In his brief motion for a stay and abeyance, petitioner acknowledges that his petition is a "mixed" petition because his first, fourth, and fifth claims are unexhausted. Petitioner explains that his attorney failed to raise these issues on direct appeal. He also explains

1

that his attorney raised his claim arising under Cunningham v. California, 549 U.S. 270 (2007) on direct appeal at the California Court of Appeal.  However, petitioner states that his attorney failed to raise the same issue before the California Supreme Court.  According to petitioner, the statute of limitations for his filing of a federal habeas petition will expire on October 16, 2009, and therefore the granting of a stay and abeyance is now necessary in this matter.  (Mot. for Stay & Abey. at 1.)

## STAY AND ABEYANCE PROCEDURES

The United States Court of Appeals for the Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

/////

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition. See King, 564 F.3d at 1140. However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

## DISCUSSION

Based on petitioner's filing of a "mixed" petition as well as petitioner's concern about the federal statute of limitations, the court has construed petitioner's motion for a stay and abeyance as a motion under the Rhines procedure outlined by the United States Supreme Court.

Petitioner's concern regarding the expiration of the federal statute of limitations is well taken. However, based on the information he has provided to the court in his motion for a stay and abeyance, it is not clear that the granting of a stay and abeyance is appropriate in this case. In this regard, petitioner's motion for a stay and abeyance does not provide sufficient facts and information to satisfy the requirements of Rhines. The court is unable to determine whether

petitioner has good cause for not exhausting all of his claims before filing this federal habeas action, whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claims. See Taylor, 134 F.3d at 987 n.8 & n.11 (failure to show diligence in pursuing claims may foreclose the granting of a stay). Accordingly, the court will deny petitioner's motion without prejudice to the filing of a renewed motion for a stay and abeyance.

The court will grant petitioner thirty days to file a renewed motion for a stay and abeyance. The motion must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claims.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's August 7, 2009 motion for a stay and abeyance (Doc. No. 2) is denied without prejudice; and

2. Petitioner is granted thirty days from the date of this order in which to file and serve a renewed motion for a stay and abeyance addressing the issues set forth above.

DATED: September 30, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hend2189.msty