IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY HENDERSON,

              Petitioner,                 No. CIV S-09-2189 DAD P

    vs.

MICHAEL MARTEL,                 ORDER AND

              Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction originally entered against him in 2006 by the Sacramento County Superior Court.  Pending before the court is petitioner's renewed motion for a stay and abeyance.

**BACKGROUND**

          On August 7, 2009, petitioner filed a petition for writ of habeas corpus along with a motion for a stay and abeyance.  In that motion for a stay and abeyance, petitioner conceded that three of the seven claims presented in his federal habeas petition are unexhausted.  Petitioner explained that his attorney failed to raise these issues, and one other, on direct appeal.  Therefore, petitioner requested a stay so that he could return to state court and exhaust all his claims before

/////

1

1  proceeding with his federal habeas petition.  According to plaintiff, the statute of limitations for

2  the filing of his federal habeas petition was to soon expire.  (Mot. for Stay & Abey. at 1.)

3           On October 1, 2009, the court issued an order denying petitioner's motion for a

4  stay and abeyance without prejudice to petitioner filing a renewed motion.  In its order, the court

5  explained to petitioner that in a renewed motion for a stay and abeyance he must (1) show good

6  cause for his failure to exhaust all claims before filing this federal habeas action; (2) demonstrate

7  why each of his unexhausted claims is potentially meritorious; (3) describe the status of any state

8  court proceedings; and (4) show that he has acted diligently in pursuing his unexhausted claims.

9           On October 16, 2009, petitioner filed the renewed motion for a stay and abeyance

10  now pending before this court.  Therein, petitioner again expressed concern regarding the

11  applicable statute of limitations.  He assured the court that his renewed motion for a stay and

12  abeyance has been made in good faith and that he would diligently pursue the exhaustion of all

13  his claims in state court.  He also provided the court with an update on the status of his state

14  court proceedings, explaining that on October 30, 2009, he was to be returned to the state trial

15  court for an "adjustment" to his sentence.  Petitioner stated that he was unsure whether the

16  sentence "adjustment" would render his federal habeas claims moot.  (Renewed Mot. for Stay &

17  Abey. at 1-2.)

18           On March 3, 2010, the court ordered respondent to file an opposition or statement

19  of non-opposition to petitioner's renewed motion for a stay and abeyance.  Respondent filed a

20  timely opposition on April 28, 2010.  In that opposition, respondent argues that the court should

21  deny petitioner's renewed motion for a stay and abeyance because a final state court judgment

22  has yet been entered in petitioner's underlying criminal case.  Respondent also argues that federal

23  courts should refrain in such a case from intervening in state court proceedings that are (1)

24  ongoing; (2) implicate important state interests; and (3) afford the parties an adequate

25  opportunity to raise the federal issue.  (Opp'n at 2-3.)

26  /////

2

**DISCUSSION**

I.  Renewed Motion for a Stay and Abeyance

        The underlying purpose of a stay and abeyance is to allow, when appropriate, a petitioner to exhaust his unexhausted claims and return to federal court without facing a statute of limitations bar.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); see also Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).  It is for this stated reason that petitioner now seeks a stay and abeyance in this federal habeas action.  However, petitioner's concern that his federal habeas petition will be rendered untimely if he returns to state court to exhaust his claims is unfounded given the somewhat unique circumstances posed here.  The following timeline makes this clear.

        On June 30, 2006, petitioner was sentenced in the Sacrament County Superior Court for violating California Penal Code § 288.  (Lodg. Doc. 1.)  Petitioner filed a direct appeal in the California Court of Appeal for the Third District.  The state appellate court affirmed the judgment of the trial court on July 8, 2008.  (Lodg. Doc. 2.)  Thereafter, petitioner filed a petition for review, which the California Supreme Court denied on October 16, 2008.  (Lodg. Doc. 4.)

        On July 22, 2009, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  (Lodg. Doc. 5.)  By order filed September 15, 2009, the Superior Court denied petitioner's application for habeas relief but sua sponte found the previously imposed sentence to be unlawful, vacated the entire sentence and set the matter for resentencing.  (Lodg. Doc. 6.)  Accordingly, petitioner was resentenced by the trial court on October 30, 2009.  (Lodg. Doc. 7.)  Thereafter, petitioner appealed from his resentencing and, as of the date of this order, that appeal is still pending before the California Court of Appeal for the Third District.  (Lodg. Doc. 8.)

        Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year statute of limitations period for filing a federal habeas corpus petition typically begins to

/////

/////

3

run on "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1)(A).[1]  A judgment

becomes final when a petitioner's "conviction **and** sentence become final by the conclusion of

direct review or the expiration of the time for seeking such review."  Burton v. Stewart, 549 U.S.

147, 156-57 (2007) (emphasis in original).  As indicated above, the trial court resentenced

petitioner on October 30, 2009 and petitioner is now pursuing an appeal from his new sentence.

Thus, his judgment of conviction is not yet final.  Until petitioner's new judgment and sentence

is rendered final "by conclusion of direct review or by the expiration of the time for seeking such

review," AEDPA's one-year statute of limitations period will not begin to run.  Id.  See also

United States v. LaFromboise, 427 F.3d 680, 683-84 (9th Cir. 2005) (holding that without a final

sentence, the one-year statute of limitation period under § 2255 has not begun to run); Hess v.

Ryan, 651 F. Supp.2d. 1004, 1021 (D. Az. 2009) ("[T]his court is bound to apply the rule

adopted by the Ninth Circuit and expressed in Burton, that finality for limitations purposes is

calculated from a resentencing judgment."); Cooper v. Harrington, No. Civ. S-09-3093 FCD

DAD P, 2010 WL 1644508, at *3 (E.D. Cal. Apr. 21, 2010) ("Where, as here, the California

Court of Appeal remands a case to the Superior Court  to issue an amended judgment to reflect

the appellate court's opinion, the petitioner's conviction become final for purposes of federal

habeas review upon conclusion of direct review of the amended judgment or upon expiration of

time for seeking such review.")

Because the statute of limitations period for the filing of a federal habeas petition

has not even begun to run as of yet in petitioner's case, it would be imprudent to grant a stay and

abeyance at this time.  See Kilgore v. Malfi, No. C 07-340 SI (pr), 2007 WL 1471293, at *2

(N.D. Cal. May 17, 2007) (denying petitioner's motion for a stay and abeyance where the

petitioner was "nowhere near the end of [the] one-year [statute of] limitations period").

---

[1]  The statute of limitations may begin to run at a later date.  See 28 U.S.C. § 2244(d)(1)
(B), (C), or (D).  However, § 2244(d)(1)(A) is the applicable provision in this case.

4

1   Accordingly, the court will deny petitioner's renewed motion for a stay and abeyance as

2   premature.

3   II.  <u>Lack of Jurisdiction/Premature Habeas Petition</u>

4             As noted above, petitioner concedes that he currently has an appeal pending in the

5   state appellate court seeking review of his newly imposed judgment of conviction.  Under these

6   circumstances, petitioner must await the outcome of that appeal, and any petition for review he

7   may elect to file with the California Supreme Court, before commencing federal habeas

8   proceedings attacking the judgment of conviction.  <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 583

9   (9th Cir. 1998) ("When there is a pending state penalty retrial and no unusual circumstances, we

10   decline to depart from the general rule that a petitioner must await the outcome of the state

11   proceedings before commencing his federal habeas corpus action."); <u>see</u> <u>also</u> <u>Reber v. Steele</u>, 570

12   F.3d 1206, 1209-10 (10th Cir. 2009) (concluding that the federal courts lacked jurisdiction over

13   petitioner's application for habeas relief because the state trial court had struck the sentence

14   originally imposed pursuant to stipulation and no new sentence had been imposed when the

15   federal habeas petition was filed).

16             As one district court has observed:

17         The Ninth Circuit has held unequivocally that the exhaustion
            requirement is not satisfied if there is a pending proceeding in state
18         court, even if the issue the petitioner seeks to raise in federal court
            has been finally determined by the highest available state court.
19         <u>See</u> <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir.1983).  This
            is because the pending state action might result in reversal of the
20         conviction on some other ground, mooting the federal case.  <u>See</u> <u>id</u>.
            In <u>Sherwood</u> a direct appeal was pending although the federal
21         issues had been decided by the state courts via another procedural
            route.  Although the <u>Younger</u> abstention might seem a better
22         rationale for this requirement than exhaustion, <u>see</u> <u>Phillips v.</u>
            <u>Vasquez</u>, 56 F.3d 1030, 1038-39 (9th Cir.1995) (concurring
23         opinion), the requirement is nevertheless well-established in this
            circuit.

24

25   <u>Torres v. Yates</u>, No. C 07-00440 SBA (PR), 2008 WL 2383871, at *2 (N.D. Cal. June 9, 2008).

26   <u>See also</u> <u>Trammell v. Warden</u>, No. CV 09-4195-AG(AJW), 2009 WL 2407665, at *1 (July 31,

5

2009) (federal habeas petition dismissed without prejudice to its refiling after the conviction had become final where the petitioner still had a direct state court appeal pending due to the conclusion that abstention was required even though the habeas claims may have already been fully exhausted).

For the reasons set forth above, only after petitioner's conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review may he seek federal habeas relief.  The federal habeas petition pending before this court is premature and should be dismissed without prejudice to its refiling after petitioner's judgment of conviction becomes final.[2]

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  Petitioner's October 16, 2009 renewed motion for a stay and abeyance (Doc. No. 7) be denied; and

2.  Petitioner's August 7, 2009 application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to petitioner's filing a new petition after the challenged judgment of conviction becomes final.  If and when he returns to federal court, petitioner should be cautioned not to file an "amended petition" in this action and not to use the case number assigned to this action on any new federal habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written

[2]   For the reasons explained above, the AEDPA statute of limitations for the filing of a federal habeas petition has not yet started to run in petitioner's case.  That statute of limitations will serve as no barrier to federal review of his conviction so long as petitioner proceeds in a timely fashion, if necessary, following the conclusion of the appellate proceedings in state court.

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2010.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
hend2189.msty(2)